18 F.3d 953
 305 U.S.App.D.C. 193
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Troy CAMPBELL, Appellant.
 No. 92-3196.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1994.
 
 Before: MIKVA, Chief Judge, EDWARDS and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated below, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the District Court's rulings are affirmed. Considering the "totality of the circumstances," Illinois v. Gates, 462 U.S. 213 (1983), the police had reasonable suspicion to conduct an investigatory stop of appellant, and the scope of the ensuing search was reasonable to ensure the officers' safety. Appellant did not meet the "heavy burden" necessary to compel the government to reveal the identity of its confidential informant. See United States v. Skeens, 449 F.2d 1066, 1070 (D.C.Cir.1971). Finally, appellant has failed to demonstrate what prejudice resulted from the district court's alleged failure to compel the government to elect between the two counts of appellant's indictment.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).